Reed, J.,
delivered the opinion of the court.
The only question urged, relied upon and necessaiy to be determined is the validity of the deed of assignment. It is controlled by the act of 1885. Session Laws, p. 43.
It is claimed that the deed is void for want of certainty and lack of necessary description of the property assigned. The assignor is required to annex to his deed of assignment an inventory under oath of his estate; such inventory becomes a part and parcel 'of the conveyance.
The general description in the assignment of the property conveyed is limited and controlled by the schedule attached. Bock v. Perkins, 139 U. S. 628.
In neither the general deed nor schedule is there any proper and definite description of the personal property conveyed.
In the schedule it is: “One lot of boots and shoes, consisting of a miscellaneous lot usually kept in a shoe store and of the value of about $7,000, a lot of book accounts of about the value of say $250.” No number, city, street, county or state in any Avay identifying the goods is put in by Avay of description. A deed of assignment, like any other deed, must be sufficient in itself to designate the property conveyed without extrinsic aid. Palmer v. McCarthy, 2 Colo. App. 422; Driscoll v. Fiske, 21 Pick. (Mass.) 503; Bock v. Perkins, (supra); Savings Bank v. Roche, 93 N. Y. 374.
I am clearly of the opinion that the deed was void for want of proper description of the property conveyed, and *405 should not hesitate to so hold if there was necessity for it, but in this case there is a more serious and controlling defect which is of itself fatal to the validity of the conveyance. Sec. 3 of the act of 1885 is as follows: “No such deed of general assignment of property by an insolvent, or in contemplation of insolvency, for the benefit of creditors shall be valid, unless by its terms it be made for the benefit of all his creditors, in proportion to the amount of their respective claims.” The deed upon the face does not purport to be made for the benefit of all the creditors of the firm, and the record and bill of exceptions clearly establishes the fact that it was not made nor intended to be made an assignment for the benefit of all of the creditors. It transpires and is shown by the evidence that at the time of making the assignment and schedule, claims, recognized as valid by the assignors amounting to about $3,000, were intentionally left out of the schedule and afterwards allowed by the district court. It is provided in sec. 2 of the act: “ The assignor shall annex to such assignment * * * and also a list of his creditors, giving their names, residence, if known, and the amount of their respective demands.''’
This provision of the statute was willfully and intentionally violated, as shown by the evidence. The verification stating: “And that the foregoing and attached schedules marked A. & B. are a true list of the assets and liabilities of said firm as far as we are able to make at this time,” was false and known to be when made.
The assignment, whether so intended or not, was fraudulent under our statute, not being for the benefit of all the creditors; it made those who were named and scheduled preferred creditors.
The law requires a schedule under oath, a full and complete schedule, so far as the party has power to make it. Anything short of this is not compliance, and avoids the assignment.
The statutory law of assignments is remedial, in derogation of the rights of creditors, and must, like any other statutory *406 remedy, be strictly pursued. Its provisions are mandatory, and any important departure avoids and vitiates the whole proceeding.
For the reasons stated, the deed of assignment will be held void and inoperative, the judgment of the district court reversed, and the cause remanded,

Reversed.